## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **VERTEN DODSON III,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-10-CA-099-LY** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 11).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## STATEMENT OF THE CASE

A.     **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of him pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas, in cause no. D-1-DC-07-300805.  Petitioner was charged with murder, to which he entered a plea of not guilty to a

jury. On January 28, 2008, the jury found Petitioner guilty as charged and the court assessed punishment at 30 years imprisonment.

Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on November 7, 2008. Dodson v. State, No. 03-08-00108-CR, 2008 WL 4823178 (Tex. App.– Austin 2008, no pet.). Petitioner did not file a petition for discretionary review.

On July 20, 2009, Petitioner filed a state application for writ of habeas corpus challenging his conviction. Ex parte Dodson, Appl. No. 72,525-01 at 33. On September 30, 2009, the Texas Court of Criminal appeals denied the application. Id. at cover. On September 21, 2009, Petitioner filed a second application for habeas corpus relief. Id. at -02 at 2. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. Id. at cover.

**B.    Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> Around noon on April 7, 2007, Dodson, his friend Raul Olalde, and Betty Olalde–Raul's mother and Dodson's girlfriend–were driving through a residential neighborhood in north Austin. As they approached the intersection of Hunter's Chase and Colony Creek, Dodson shot Raul Olalde in the back. After the shooting, Betty Olalde stopped the car in the middle of the road. According to eye witnesses in an oncoming car, Raul exited the front passenger seat and walked over to the sidewalk before collapsing on the ground. Betty then stepped out of the driver's seat, screaming and hysterical. A few seconds later, Dodson climbed out of the back seat, walked calmly away from the car, glanced back at Raul, slipped through a gap in the fence, and walked away along a creek bed. A man who came upon the scene shortly thereafter administered CPR to Raul and emergency personnel were called. Raul was taken to a local hospital, where he was pronounced dead on arrival.

Dodson v. State, 2008 WL 4823178 at, * 1.

2

C.      **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The evidence is factually insufficient to convict;

2.      His trial counsel was ineffective for:

      a.      failing to present a representative from the life insurance company;

      b.      failing to investigate the toxicologist; and

      c.      failing to move for a mistrial.

3.      He was denied a transcript which violates his due process right to file a direct appeal.

4.      He was denied a fair trial because of a miscarriage of justice.

D.      **Exhaustion of State Court Remedies**

Respondent argues that Petitioner has not exhausted his state court remedies with regard to claims 2, 3 and 4. A review of the state court records submitted by Respondent shows that Petitioner has not properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

A.      **Unexhausted Claims**

Petitioner has not exhausted his claims that trial counsel was ineffective, he was denied a transcript, and he was denied a fair trial. Although Petitioner raised a claim of ineffective assistance of counsel in his second application for habeas corpus relief, he did not challenge counsel's failure to present a representative from the life insurance company, investigate the toxicologist, or move for a mistrial.

Petitioner's unexhausted claims are procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issues would be futile as it would be dismissed pursuant

to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ.  When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case.  Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991).  In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief.  Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989).  Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred.  Coleman, 501 U.S. at 735, 111 S. Ct. at 2557.  The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred.  Id. at n.1.  However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice.  Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996) (citing Coleman, 501 U.S. at 750, 111 S. Ct. 2565, cert. denied, 519 U.S. 1093, 117 S. Ct. 773 (1997)).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claims would result in a miscarriage of justice.   Therefore, Petitioner is barred from raising his unexhausted claims.

4

B.      **Factual Sufficiency**

Petitioner challenges the factual sufficiency of the evidence.  Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases.  Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979).  Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust."  Id.  The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority.  Id. at 129-30; Bigby v. State, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994).  However, while Texas has permitted factual sufficiency reviews, under authority derived from Texas law, there is no corresponding federal right to such reviews under the United States Constitution.  Under settled Fifth Circuit authority, a state may impose a more exacting standard for determining the sufficiency of the evidence but challenges to state convictions under § 2254 need only satisfy the Jackson standard.  West v. Johnson, 92 F.3d 1385, 1394 (5th Cir. 1996); Schrader v. Whitley, 904 F.2d 282, 284 (5th Cir. 1990); Jones v. Butler, 864 F.2d 348, 361 (5th Cir. 1988).  Accordingly, Petitioner's claim attacking the factual sufficiency of the evidence is not cognizable in this federal habeas proceeding.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of August, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE